IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHANE H.,<br><br>            Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. 2:22-cv-00593-CMR<br><br>MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 12). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the entire record (ECF 14–17), the parties' briefs (ECF 20, 27, 28), and arguments presented at a hearing held on August 3, 2023 (ECF 32), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and legally sound. For the reasons stated on the record at the hearing and as discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 20) and AFFIRMS the decision of the Commissioner.

I.     STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct.

1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id*. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Under this deferential standard this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The court's inquiry, "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

## II. BACKGROUND

Plaintiff applied for DIB in February 2020, alleging disability beginning April 2017 due to a left shoulder break with torn tendon and posttraumatic stress disorder (PTSD) from active-duty military service (Certified Administrative Transcript (Tr.) 57, 144–46). The Administrative Law Judge (ALJ) followed the Commissioner's five-step sequential evaluation process for disability claims (Tr. 24–41). *See* 20 C.F.R. § 404.1520(a)(4). The ALJ determined at step 2 that Plaintiff had severe impairments of left partial thickness rotator cuff tear, posttraumatic stress disorder (PTSD), anxiety disorder, and major depressive disorder, and that Plaintiff's diabetes mellitus and obesity were non-severe impairments (Tr. 22–23). At step 3, the ALJ considered Plaintiff's physical impairments under Listing 1.18 for abnormality of a major joint in any extremity, finding

the criteria not met (Tr. 23).[1] The ALJ also considered Plaintiff's mental impairments under Listings 12.04, 12.06, and 12.15, finding a moderate limitation in interacting with others, and mild limitations in understanding, remembering or applying information; concentrating, persisting or maintaining pace; and adapting or managing oneself (Tr. 24).

The ALJ then determined that Plaintiff had the residual functional capacity (RFC) to perform "light" work as defined in 20 C.F.R. § 404.1567(b) with postural and manipulative limitations (Tr. 25). Plaintiff had the following non-exertional limitations related to his mental impairments: he could frequently interact with coworkers and the public, and occasionally interact with supervisors (Tr. 25). The ALJ found at step 5 that Plaintiff could perform jobs existing in significant numbers in the national economy, including officer helper, marker, and mail clerk, all light work (Tr. 31). The ALJ therefore concluded that he was not disabled and denied disability benefits (Tr. 31). The Appeals Council then denied his request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981. This appeal followed.

### III.    DISCUSSION

Plaintiff makes two arguments. First, Plaintiff argues the ALJ violated 20 C.F.R. § 404.1504 by failing to properly consider the medical evidence supporting the determination of total disability by the Department of Veterans Affairs (VA). Second, Plaintiff argues the RFC was not supported by substantial evidence because the ALJ failed to weigh the medical opinion of VA

---

[1] Plaintiff has not set forth any argument regarding his physical impairments and has therefore waived any such argument. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [plaintiff's] contentions that have been adequately briefed for our review.").

psychiatrist Dr. Sayali Kulkarni, who performed a psychiatric evaluation and assessed potentially outcome determinative restrictions (ECF 20, Plaintiff's Opening Brief (Pl. Br.)). As discussed below, the ALJ applied the correct legal standards, and his decision is supported by substantial evidence and free from reversible error.

### A.  VA Evidence

Because Plaintiff filed for DIB in February 2020, the ALJ properly applied a new set of regulations for evaluating medical opinions and other medical evidence. These rules differ substantially from both prior regulations and prior agency policy. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5,844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). As relevant here, the new regulations significantly alter the way the agency considers medical opinion evidence, 20 C.F.R. § 404.1520c, and disability decisions by other governmental agencies and nongovernmental entities, 20 C.F.R. § 404.1504. A VA rating decision is "inherently neither valuable nor persuasive" and thus not evidence that could support a disability finding under the Act. 82 Fed. Reg. at 5849. Accordingly, for applications filed on or after March 27, 2017, the ALJ is not required to provide any analysis about a VA rating decision. 20 C.F.R. § 404.1504. The agency will, however, consider "all of the supporting evidence underlying the other governmental agency['s] . . . decision that we receive as evidence in your claim in accordance with [20 C.F.R.] § 404.1513(a)(1) through (4)." *Id.*

Plaintiff concedes that a decision by another governmental agency is not binding on the Commissioner but claims that the ALJ failed to consider "all the supporting evidence" underlying the VA decision that he is disabled (Pl. Br. 17–24). Plaintiff further claims that the ALJ erred by

4

not referencing certain parts of the VA treatment notes in the record. Defendant responds that the ALJ recognized that Plaintiff had a VA rating of 100% disabled due to PTSD (Tr. 28; *see* Tr. 802). Consistent with agency policy, the ALJ observed that VA ratings are based on VA rules and not binding on the agency (Tr. 28). The ALJ thus considered the VA rating decision but did not analyze it (Tr. 28). The ALJ also considered the "evidence underlying" the VA rating decision. *See* 20 C.F.R. § 404.1504. Accordingly, the ALJ's decision comports with agency policy.

The Tenth Circuit has recognized that there is a "difference between what an ALJ must consider as opposed to what he must explain in the decision." *Mounts v. Astrue*, 479 F. App'x 860, 866 (10th Cir. 2012). Plaintiff's contention that the ALJ did not consider the underlying evidence is incorrect (Pl. Br. at 17–24). Although he was only required to *consider* the evidence, the ALJ explicitly *discussed* Plaintiff mental health treatment at the VA, including his diagnosis of PTSD (*see* Tr. 27–28). *See* 20 C.F.R. § 404.1504 ("[W]e will *consider* all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim.") (emphasis added). It was this evidence that the ALJ cited in part to find Plaintiff not disabled (Tr. 24, 27–28).

The ALJ noted that Plaintiff's mental status examinations showed that his thought processes were linear, thought content was appropriate, insight was fair to moderate, cognition was intact, attention and concentration were normal, and memory was in the high average to superior range (Tr. 24; *see* Tr. 359, 426, 445, 708, 845, 855, 1439–40). Plaintiff was open and engaged, pleasant, and calm, and his speech was normal (Tr. 24; *see* Tr. 426, 445, 855, 1439). The ALJ further noted that, while Plaintiff did not meet the diagnostic criteria for PTSD in August

5

2019 (and declined medication), he was diagnosed with PTSD in January 2020, and he was considered 100% disabled by the VA for PTSD in August 2020 (Tr. 27; *see* Tr. 367, 399, 802). In December 2020, Plaintiff reported he was "doing a little better" (Tr. 28; *see* Tr. 872), but at a psychological evaluation (requested by the agency in conjunction with his disability application) that same month, he reported difficulty with trusting people, anxiety, depression, and poor memory (Tr. 28; *see* Tr. 798). Treatment notes showed that Plaintiff generally reported that he was doing well on his medication regimen and denied any issues. He once reported medication side effects, but they subsided shortly thereafter (Tr. 28; *see* Tr. 434–35, 709, 712). *See* 20 C.F.R. § 404.1529(c)(3)(iv) (requiring an ALJ to consider the effectiveness of treatment). Plaintiff also reported worsening PTSD symptoms when he inadvertently stopped taking his medication for a few weeks but declined continuing therapy (Tr. 28; *see* Tr. 1436, 1444).

Given that the bulk of the evidence the ALJ considered was from the VA, where Plaintiff received his mental health treatment, and the ALJ stated that he considered "the entire record," Plaintiff's argument that the ALJ did not consider the evidence underlying his VA rating is rejected (Tr. 27–29). *See S.L. v. Comm'r of Soc. Sec. Admin.*, No. 1:20-cv-01953-RMR, 2022 WL 897104, at *7 (D. Colo. March 28, 2022) (holding that the factors listed within VA decision were part of the VA decision and thus did not have to be analyzed by the ALJ); *see also Moss v. Kijakazi*, No. CIV-20-1105-AMG, 2022 WL 909040, at *3 (W.D. Okla. Mar. 26, 2022) (noting that a court "take[s] the ALJ at his word" that he considered evidence underlying workers compensation decision and "he need not have discussed everything in the administrative record"). The ALJ in

this case accounted for Plaintiff's PTSD-related impairments in the RFC, and no further analysis was required under 20 C.F.R. § 404.1504.

### B. Dr. Kulkarni's Report

Under 20 C.F.R. § 404.1513(a)(2), "medical opinion" means: a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:

> (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
>
> (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

Thus, the elements of a "medical opinion" are: (1) a statement; (2) from a medical source; (3) about what Plaintiff can still do despite her impairments; and (4) whether Plaintiff has one or more impairment-related limitations or restrictions based on several enumerated abilities. *Staheli v. Kijakazi*, 1:20-cv-00159-JCB, 2021 WL 5495694, at *3 (D. Utah Nov. 23, 2021).

Plaintiff contends that the ALJ erred in not discussing evidence from VA psychiatrist Dr. Kulkarni (Pl. Br. at 21–30). Specifically, Plaintiff argues that the ALJ failed to discuss Dr. Kulkarni's diagnosis of PTSD, a checkmark indicating that Plaintiff had an "occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily with normal routine

behavior, self-care and conversation," and Dr. Kulkarni's notation that Plaintiff had symptoms associated with PTSD including dissociative flashbacks, panic attacks, heart palpitations, chest tightness, shortness of breath, hyperventilation, fatigue, cold sweats, shaking and trembling, and a sense of impending doom (Pl. Br. at 21–22; *see* Tr. 27–28, 408–19). Plaintiff contends that this evidence is a medical opinion that the ALJ was required to evaluate for persuasiveness, rather than "underlying evidence" of a VA decision (Pl. Br. at 21–30).

Defendant responds that the language in Dr. Kulkarni's July 2019 report mirrors the language of the VA regulations, which are used to determine the veteran's disability rating due to any one impairment. Dr. Kulkarni's checkmark is merely an administrative conclusion parroting the VA's definition of a 30 percent disabling mental impairment, in general. A VA regulation, 38 C.F.R. § 4.130, defines the "general criteria formula for mental disorders" and a 30 percent VA rating including the following:

> Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events).

38 C.F.R. § 4.130. Dr. Kulkarni examined Plaintiff for an administrative compensation and pension examination to assess his eligibility for VA benefits (Tr. 408–19). Defendant contends that the sole purpose of Dr. Kulkarni's report was to assess eligibility for VA benefits, and this was just part of the form that the examiner had to complete to make that determination. The court agrees. Dr. Kulkarni's report is evidence that falls under 20 C.F.R. § 404.1504, and the ALJ properly addressed it (Tr. 28).

Plaintiff urges the court to follow cases from other district courts that found the ALJ erred in not discussing certain "underlying evidence" of another governmental agency decision (Pl. Br. at 20–21 (citing *Benally v. Kijakazi*, No. 1:21-CV-00205-KRS, 2022 WL 1303126, at *4 (D.N.M. May 2, 2022); *Flowers v. Kijakazi*, No. CIV-21-795-AMG, 2022 WL 4125250, at *3–4 (W.D. Okla. Sept. 9, 2022))). In *Benally*, the court was concerned with the ALJ's consideration of a VA psychologist's report "contain[ing] medical opinion evidence addressing what [the claimant] can and cannot do despite his impairments," *Benally*, 2022 WL 1303126, at *5, and, similarly, the *Flowers* court held that the ALJ failed to consider a VA psychologist's medical opinion, *Flowers*, 2022 WL 4125250, at *3. These cases are thus distinguishable in that they dealt with medical opinions.

Plaintiff contends that Dr. Kulkarni's July 8, 2019 evaluation goes into detail with regard to what the Plaintiff is still able to do, despite his impairments, and several work-related restrictions are referenced (Tr. 408–413). He points to Dr. Kulkarni's checkmark regarding "occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily with normal routine behavior, self-care, and conversation (Tr. 411). However, this did not inform the ALJ what Plaintiff could still do despite his impairments. *See* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s)."). Thus, it is not a medical opinion and the ALJ was not required to evaluate it for persuasiveness. *See Staheli*, 2021 WL 5495694, at *3.

9

The ALJ considered Plaintiff's PTSD and accounted for the documented limitations as warranted by the record. The ALJ found mild limitations in concentration, persistence, or pace and moderate limitations in interacting with others (Tr. 24). The ALJ discussed Plaintiff's PTSD in detail, noting frequent normal findings on mental status examination, including good persistence and pace, and normal attention and concentration (Tr. 27–28). Because the ALJ considered and addressed the VA evidence in accordance with the relevant regulations, Plaintiff's contention fails. *See* 20 C.F.R. §§ 404.1504, 1513. Ultimately, the ALJ properly applied the agency's revised regulations, and the court therefore affirms the Commissioner's decision.

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 1 September 2023.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah